# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

BARBARA POWELL, as :
legal guardian of
JEFFREY A. POWELL, :

    Plaintiff, :

      v. :

JOHNNY WHEELIS d/b/a :
W & W Hauling; RICHARD D.
LITTLE; and W & W HAULING, :
INC., a Georgia corporation,
                    :

    Defendants.             NO. CV203-195

## O R D E R

Presently before the Court is Plaintiff's motion for reconsideration of the Court's orders overruling Plaintiff's objections to certain evidentiary rulings by Magistrate Judge James E. Graham. See Doc. Nos. 188 & 190. As stated during the pretrial conference held on May 16, 2005, the motion will be **GRANTED**.

**BACKGROUND**

On the evening of February 10, 2002, Jeffrey Powell and Richard D. Little were involved in a serious automobile accident. Jeffrey Powell sustained permanent brain damage in the collision. Subsequently, Barbara Powell filed suit, asserting that Defendants' negligence caused the accident.

On December 22, 2004, the Court denied Defendants' motion for summary judgment on Plaintiff's "negligent maintenance" theory of recovery. In so ruling, the Court relied on records detailing Defendants' poor track record of vehicle upkeep and repair in the time period immediately following the accident, and relied on the testimony of Plaintiff's expert, James Sloan. See Doc. No. 110, at 20-24.

In parallel proceedings before Magistrate Judge Graham, Defendants challenged the admissibility of those records, and the admissibility of Sloan's testimony relating to those safety violations. On January 14, 2005, Judge Graham granted Defendants' motion in limine, excluding from evidence at trial any reference to Defendants' post-accident safety violations. See Doc. Nos. 128 & 129.

Judge Graham explained that "[a] person's habits or an organization's routine practice[s] are generally based on

2

events which occurred before the act at issue in a lawsuit." Doc. No. 129, at 2. Consequently, the Magistrate Judge ruled that the documents from the Georgia Department of Motor Vehicle Safety and the Federal Motor Carrier Administration were inadmissible. Similarly, Judge Graham concluded that Sloan's opinion regarding the import of these records on Plaintiff's negligent maintenance claim was irrelevant. Doc. No. 128.

**DISCUSSION**

Federal Rule of Evidence 406 provides:

> Evidence of the habit of a person or of the routine practice of an organization, whether corroborated or not and regardless of the presence of eyewitnesses, is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice.

Habit evidence is "[e]vidence of one's regular response to a repeated specific situation." Black's Law Dictionary 597 (8th ed. 2004).

The Court disagrees with the proposition that "subsequent conduct is inadmissible to establish habit or routine practice under the Federal Rules of Evidence," and must conclude that Judge Graham's decisions on these matters were contrary to law.

As a leading commentator has explained:

3

> It has already been seen . . . that the prior or the subsequent existence of a quality or condition is evidential of its existence at a given time. This principle is equally applicable in evidencing a habit or cause of conduct.
>
> Its use is most frequent for facts which can at first sight hardly be ranked here in any natural classification - facts roughly to be described as involving a human status or relation to external affairs. . . .
>
> The prior or the subsequent existence of such a fact is always evidential to show its existence at a time in issue, upon the general experience that such facts involve a human attitude more or less continuous and permanent. The probability of continuance depends, of course, largely on the nature of the specific fact and the circumstances of each case; and therefore, in setting a limit of time for the range of the evidence, the discretion of the trial court should control. The principle is illustrated by many sorts of facts. Such evidence is receivable to show the <u>mode of conducting a business</u>. . . .

2 Wigmore, Evidence § 382 (Chadbourn rev. 1979).

"For example, that a party was chopping a tree at 4:30 P.M. may be evidential that he was still chopping it at 4:40 P.M. or that he had begun to chop at 4:20 P.M." 1A Wigmore, Evidence § 97 (Tillers rev. 1983).[1]

---

[1]
See also 2 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 124 (2d ed. 1994).

> ([T]he conduct of the parties immediately prior or subsequent to the events in issue may in fact have a strong circumstantial bearing upon their conduct at the time of the events themselves. Such proof, though it may well fall short of
> (continued...)

As Plaintiff notes,

> [t]he Records reflect that, as a result of seventeen inspections performed by either the Georgia Department of Motor Vehicle Safety or the Federal Motor Carrier Safety Administration during a two and one half year period of time after the accident, Defendants were cited for at least ninety-eight separate violations, and over thirty-five of these violations could or did result in Defendants' trucks being placed out of service.

Plaintiff's Objection to Magistrate Graham's Order on Motion in Limine 11, Doc. No. 139.

The Court finds that Plaintiff's evidence is admissible to show Defendants' habit of carelessness in maintaining the Freightliner involved in the accident, pursuant to Federal Rule of Evidence 406. See, e.g., Cereste v. New York, New Haven & Hartford R.R. Co., 231 F.2d 50, 53-55 (2d Cir. 1956); Eaton v. Bass, 214 F.2d 896, 899 (6th Cir. 1954)(custom evidence pertaining to commercial truck safety inspections admissible, but not conclusive).

Aside from the admissibility of this evidence, Plaintiff must also demonstrate proximate cause — that negligent maintenance of the Freightliner in some way contributed to the accident — before this claim may be submitted to the jury.

---

[1](...continued)
proving habit or custom, may nevertheless be relevant pursuant to FRE 401, and accordingly received into evidence under FRE 402.).

5

Even though the records of the safety violations are admissible, and Sloan may refer to them in forming any expert opinion he may reach regarding Defendants' allegedly faulty maintenance practices, Plaintiff's expert will not be permitted to speculate regarding the import of Defendants' negligent maintenance on the cause of the accident.

During Sloan's deposition, he was unable to conclude reasonably, based on any evidence, that Defendants' negligent maintenance practices caused the collision with Jeffrey Powell. In response to the question "Did you think that any defect in the truck played any part in this accident?", Sloan responded "The truck was unfortunately disposed of and no examination was conducted of it. So, therefore, I do not know. I would not be surprised if a braking imbalance existed, given the abysmal history of W & W Hauling on their inspections."

During the trial of this matter, Sloan may not offer such conjecture as expert opinion. Jones v. Otis Elevator Co., 861 F.2d 655, 662 (11th Cir. 1988). "[R]elevant testimony from a qualified expert is admissible only if the expert knows of facts which enable him to express a reasonably accurate conclusion as opposed to conjecture or speculation." Id. at 662.

AO 72A
(Rev. 8/82)

In their response to Plaintiff's motion for reconsideration, Defendants argue that their supposed habit of negligently maintaining their vehicles was not specific enough to constitute a habit or routine practice under Rule 406. The Court concludes that there is a sufficient quantum of evidence on this point to present the question to the jury. Any weakness in Plaintiff's evidence goes to the weight, not the admissibility, of the evidence. Defendants are free to challenge Plaintiff's evidence through rigorous cross-examination, and by presenting evidence that a habit of carelessness did not exist.

In sum, the Court reaffirms its finding that there was sufficient evidence of negligent maintenance to survive summary disposition. Order on Motion for Summary Judgment 20-24, Doc. No. 110 (explaining that Plaintiff's evidence was relevant, especially in light of the fact that there were no records of any company-wide safety inspections, or regular maintenance of the Freightliner in question, prior to the accident, and because the Freightliner was unavailable for inspection after the accident).

AO 72A
(Rev. 8/82)

**CONCLUSION**

For the reasons explained above, Plaintiff's motion for reconsideration is **GRANTED**. See Doc. No. 196. Plaintiff's evidence of negligent maintenance is admissible as substantive evidence to demonstrate habit or routine practice, and may also be used for impeachment purposes.

**SO ORDERED**, this 25th day of May, 2005.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)