# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| BARBARA POWELL, as legal guardian of JEFFREY A. POWELL, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| JOHNNY WHEELIS d/b/a W & W Hauling; RICHARD D. LITTLE; and W & W HAULING, INC., a Georgia corporation, | : | |
| Defendants. | : | NO. 203-195 |

## ORDER

Plaintiff, Barbara Powell, as legal guardian of Jeffrey A. Powell, filed the above-captioned case against Defendants, Johnny Wheelis, Richard D. Little, and W & W Hauling, Inc., alleging that their negligence caused an automobile accident. On October 7, 2005, a jury returned a verdict in Defendants' favor and, subsequently, the Court denied Plaintiff's motion for a new trial.

AO 72A
(Rev. 8/82)

The case is before the Court on Plaintiff's objection to Defendants' bill of costs. Because Defendants' entitlement to certain costs is not documented or justified sufficiently, the objection will be **SUSTAINED** in part. Because Defendants' other costs are taxable, the objection will be **OVERRULED** in part.

## BACKGROUND

After prevailing at trial, Defendants filed their bill of costs, seeking to recover $36,093.63 for expenses incurred in the litigation of this dispute. Upon Plaintiff's objection, Defendants conceded that their expenses were, in large part, not recoverable under federal law. Defendants have withdrawn their requests for reimbursement for telephone costs, mediation expenses, expert witness fees (including consultation fees for experts not retained to testify on Defendants' behalf), Defendants' lost profits and other expenses during trial, and Defendants' counsel's travel, lodging, and meal costs during trial.

Defendants now seek to recover $5,783.43 in costs. Plaintiff concedes that the court reporter fee to transcribe portions of the record is recoverable ($374.35). Plaintiff contests Defendants' ability to tax their other expenses.

Defendants seek to recover fees for witnesses, charges for copies of documents and photographs, and deposition-related expenses.

**DISCUSSION**

"[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . ." Fed. R. Civ. P. 54(d)(1). The allowance of costs is within the discretion of the district court. 28 U.S.C.A. § 1920 (1994). Yet, the prevailing party's bill of costs must be scrutinized carefully, as costs must be authorized explicitly by federal law to be taxable. Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964); Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

The prevailing party is entitled only to costs that were incurred necessarily in the litigation. Expenses incurred for the convenience of the prevailing party's counsel are not taxable. 28 U.S.C.A. § 1920 (1994).

I. **Andrea Jones' Witness Fee and Travel Expenses**

"[A] witness in attendance . . . before any person authorized to take his deposition pursuant to any rule or order

3

of a court of the United States, shall be paid the fees and allowances provided by this section." 28 U.S.C.A. § 1821(a)(1) (2005 Supp.). Under this statute, a witness is to be paid forty dollars per day, plus her actual travel costs. 28 U.S.C.A. § 1821(b)-(c) (1994).

Defendants ask to be reimbursed for the sixty dollars they paid to Jones at her deposition for her witness fee and travel expenses. Defendants may tax the standard witness fee. However, Defendants have offered no information regarding Jones' mode of travel, her travel distance, or the per mile rate at which they compensated Jones, as contemplated under the law. 28 U.S.C.A. § 1821(c) (1994). As a result, Defendants may not recover Jones' travel expenses of $20.00.

## II. Copying Expenses

Photocopying charges for litigation documents are taxable, so long as the costs were incurred for papers sent to opposing counsel or to the Court, or were otherwise needed to litigate the case. The prevailing party "must come forward with evidence showing the nature of documents copied including how they were used or intended to be used in the case." Goodwall Constr. Co. v. Beers Constr. Co., 824 F. Supp. 1044, 1065 (N.D.

4

AO 72A
(Rev. 8/82)

Ga. 1992), reversed in part on other grounds, 991 F.2d 751 (Fed. Cir. 1993); Desisto Coll., Inc. v. Town Of Howey-In-The-Hills, 718 F. Supp. 906, 913-14 (M.D. Fla. 1989); Helms v. Wal-Mart Stores, Inc., 808 F. Supp. 1568, 1570 (N.D. Ga. 1992).

Defendants seek to recover $1,417.61 for photocopying expenses, and many of these charges are justified. On June 18, 2004, Defendants paid the Georgia Department of Public Safety for the cost of copying state records, which were needed because the documents concerned the accident at issue in this case. On September 9, 2004, Defendants paid Wayne Memorial Hospital for copies of the medical records related to Powell's hospitalization immediately after the collision occurred. These records provided results of a blood alcohol test taken on Powell, and described the chain of custody of the same.

On November 18, 2004, Defendants made copies of trial exhibits at Savannah Blue Print, which were given to opposing counsel and the Court for use during the trial. On December 2, 2004, Defendants paid the Georgia Bureau of Investigation to obtain a copy of the agency's blood alcohol test records for Jeffrey Powell and Richard Little, which were taken after the accident. These documents were needed because Plaintiff

challenged the chain of custody and validity of the test results.

Defendants also seek reimbursement for the fee charged by the federal judiciary's electronic PACER system for a copy of Jeffrey Powell's bankruptcy filings. These documents were obtained to determine if Powell had listed the instant case as an asset on his bankruptcy disclosure form. The Court concludes that all of these documents were needed to defend Powell's lawsuit.

Other photocopying expenses were incurred for the convenience of counsel. First, there is no basis to award Defendants costs for enlargement of trial exhibits, which was done on the eve of trial at Pro-Legal Copies, Inc. While these enlarged exhibits may have been helpful to Defendants in presenting their case to the jury, they were not required. The trial exhibit enlargement expenses are not recoverable ($593.60).

In addition, Defendants have not justified any of the other expenses incurred at Pro-Legal Copies, Inc., in late September and early October 2005. One such expense involved color copies of photographs of the accident scene. Defendants have not explained why 180 color copies were needed for trial.

AO 72A
(Rev. 8/82)

This number of copies seems excessive, given the actual number of photographs presented at trial. Consequently, these charges are not recoverable ($286.20). Nor have Defendants justified the cost incurred for "litigation file" copies made by Pro-Legal Copies, Inc., on September 26, 2005. Presumably, Defendants already had copies of these documents, and copies made for the convenience of counsel are not recoverable. Without providing more information, Defendants' talismanic assertion that the copies were necessary to try the case is insufficient to justify taxing these expenses under § 1920 ($51.89 and $12.36). E.g., Goodwall Constr. Co., 824 F. Supp. at 1065.

In sum, Defendants are not entitled to recover $944.05 of their photocopying expenses. Defendants may recover their other photocopying charges.

### III. Deposition Costs

#### A. Deposition Transcripts

"Depositions play into trial preparation in a crucial manner, and preparation is the key to effective litigation." Jeffries v. Ga. Residential Fin. Auth., 90 F.R.D. 62, 64 (N.D. Ga. 1981). As with other expenses, deposition costs must be

incurred necessarily in litigating the case to be taxable. U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000). The taxation of a deposition is appropriate where the losing party lists the deponent as a witness. Id. at 621. "The prevailing party is entitled to recover the costs of one copy of all depositions necessarily obtained for use in [the] case regardless of which party took the depositions." DiCecco v. Dillard House, Inc., 149 F.R.D. 239, 243 (N.D. Ga. 1993).

Defendants seek to recover $3,157.10 for deposition transcripts and copies of videotape depositions. The Court finds that Defendants took the depositions, or obtained copies of the deposition transcripts, for discovery purposes, for use in support of motions, for preservation of testimony, and for possible use in cross-examination. These costs are recoverable in full.

### B. Conference Room Charges for Depositions

Defendants seek to recover $114.92 for the use of a hotel conference room for a deposition on April 13, 2004. Additionally, Defendants seek $300.00 for the cost of obtaining hotel rooms for depositions on September 21, 2004, and October 1, 2004. According to Defendants, Plaintiff requested that

8

Defendants' counsel secure a conference room in Brunswick for the depositions of Wheelis, Little, Jumanne Powell, Andrea Jones, and Kim Padgett. Because these depositions were necessary, Defendants maintain that they should be compensated for the conference room expenses.

Plaintiff's attorneys' offices are in Jacksonville, Florida, and Defendants' lawyers work in Savannah, Georgia. The above-named parties and witnesses were located throughout southeastern Georgia (although none lived in Brunswick, where the depositions were taken), within 100 miles of either Jacksonville or Savannah. The depositions could have been taken at the lawyers' offices, making the conference room rentals unnecessary. See Fed. R. Civ. P. 30 & 45.

Although the case law on the matter is scant, most courts agree that the cost of renting a conference room for a deposition is not recoverable, as it is an ordinary business expense. See Menasha Corp. v. News Am. Mktg. In-Store, Inc., Case No. 00 C 1895, 2003 U.S. Dist. LEXIS 13405 at *6-*7 (N.D. Ill. Aug. 1, 2003); Peaceable Planet, Inc. v. Ty, Inc., No: 01 C 7350, at *6 2003 U.S. Dist. LEXIS 22773 (N.D. Ill. Dec. 18, 2003); Boyer v. Cline, No. 85-1562-C, 1989 U.S. Dist. LEXIS 9064 at *9 (D. Kan. July 19, 1989); but see Jarvis v. Ford

9

Motor Co., 92 Civ. 2900 (NRB), 2003 U.S. Dist. LEXIS 4406 at *2 (S.D.N.Y. Mar. 21, 2003).

At least under these circumstances, the Court agrees that the cost of renting conference rooms for depositions is an ordinary business expense. The costs associated with renting conference rooms in Brunswick are not taxable ($414.92).

**IV. Expert Witness Fees**

A prevailing party may not tax their expert witness fees. Rather, recovery is limited to a per diem appearance fee and mileage expenses, as with other witnesses. 28 U.S.C.A. § 1821 (1994). Defendants seek $80.00 for the two days that Burke was in Brunswick for the trial, and $279.45 for Burke's mileage expenses. Defendants aver that Burke traveled 405 miles to testify. If true, Defendants seek a rate of reimbursement of sixty-nine cents per mile.

The standard witness fee is recoverable. However, $279.45 is not a reasonable cost for traveling 405 miles in a private car. During the last four months of 2005, the United States General Services Administration's Privately Owned Vehicle mileage reimbursement rate was 48.5 cents per mile. See <www.gsa.gov/mileage> (last visited Mar. 21, 2006). By law,

a witness may not recover more than this amount per mile of travel. 28 U.S.C.A. § 1821(c)(2) (1994); 5 U.S.C.A. § 5704 (1996). Accordingly, Defendants can recover only $196.43 (405 x 48.5 cents) in travel costs for Burke.

**CONCLUSION**

For the reasons explained above, Plaintiff's objection to Defendants' bill of costs is **SUSTAINED** in part, and **OVERRULED** in part. See Dkt. No. 284. Defendants are not entitled to tax Jones' travel expenses ($20.00), photocopying fees incurred at Pro-Legal Copies, Inc. ($944.05), conference room rental costs for depositions ($414.92), or part of Burke's alleged travel expenses ($83.02). Otherwise, Plaintiff's objections are overruled.

Costs shall be taxed for Defendants in the amount of $4,321.44.

**SO ORDERED**, this 5th day of April, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

11